UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NATHANIEL JONES,

                                    Plaintiff,

                    - against -

CITY SCHOOL DISTRICT OF NEW ROCHELLE;
ASSISTANT SUPERINTENDENT MARGARET
PECUNIA; PERSONNEL CLERK MS. DIANNA
WESSEL; GOODTEMPS aka GOODWILL
INDUSTRIES OF GREATER NEW YORK, all
defendants sued in their individual and official capacity,

                                 Defendants.
-------------------------------------------------------------------X

08-CV-1148 (DC) (DCF)

**SCHOOL DISTRICT
DEFENDANTS' ANSWER
TO PLAINTIFF'S SECOND
AMENDED COMPLAINT**

Defendants CITY SCHOOL DISTRICT OF NEW ROCHELLE (the "SCHOOL DISTRICT"), ASSISTANT SUPERINTENDENT MARGARET PECUNIA and PERSONNEL CLERK MS. DIANNA WESSEL, by their attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, answering plaintiff NATHANIEL JONES' Second Amended Complaint, respond as follows:

## JURISDICTION AND VENUE

    1.    Admit the allegations set forth in paragraph "1" of plaintiff's Second Amended Complaint.

    2.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of plaintiff's Second Amended Complaint.

    3.    Admit the allegations set forth in paragraph "3" of plaintiff's Second Amended Complaint.

    4.    Admit the allegations set forth in paragraph "4" of plaintiff's Second Amended Complaint.

5.     Deny the allegations set forth in paragraph "5" of plaintiff's Second Amended Complaint, except admit that plaintiff purports to bring this action pursuant to the Civil Rights Act, 42 U.S.C. §§ 1985(3), 1981, 1983 and 42 U.S.C. § 2000e-3, Title VII.

6.     Deny the allegations set forth in paragraph "6" of plaintiff's Second Amended Complaint, except admit that venue is proper in the Southern District of New York.

7.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of plaintiff's Second Amended Complaint.

8.     Admit the allegations set forth in paragraph "8" of plaintiff's Second Amended Complaint.

9.     Admit the allegations set forth in paragraph "9" of plaintiff's Second Amended Complaint.

## SUMMARY OF FACTS

10.     Deny the allegations set forth in paragraph "10" of plaintiff's Second Amended Complaint, except admit that on or about September 13, 2006, plaintiff submitted an application to defendant SCHOOL DISTRICT to be considered for a per diem substitute teacher position with defendant SCHOOL DISTRICT.

11.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of plaintiff's Second Amended Complaint.

12.     Deny the allegations set forth in paragraph "12" of plaintiff's Second Amended Complaint, except admit that defendant SCHOOL DISTRICT uses employment reference forms for teaching applicants.

13.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of plaintiff's Second Amended Complaint, except

deny that defendant SCHOOL DISTRICT received an employment reference form, or any business and professional reference, from Roy Gray.

14.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of plaintiff's Second Amended Complaint.

15.    Deny the allegations set forth in paragraph "15" of plaintiff's Second Amended Complaint, except admit that DIANNA WESSEL had communications with plaintiff in late 2006.

16.    Deny the allegations set forth in paragraph "16" of plaintiff's Second Amended Complaint, except admit that DIANNA WESSEL had communications with plaintiff in late 2006.

17.    Deny the allegations set forth in paragraph "17" of plaintiff's Second Amended Complaint.

18.    Deny the allegations set forth in paragraph "18" of plaintiff's Second Amended Complaint.

19.    Deny the allegations set forth in paragraph "19" of plaintiff's Second Amended Complaint, except admit that in late December 2006 plaintiff sent a letter to defendant SCHOOL DISTRICT and begs leave to refer to it.

20.    Deny the allegations set forth in paragraph "20" of plaintiff's Second Amended Complaint, except admit that in January 2007 defendant SCHOOL DISTRICT mailed a letter to plaintiff explaining to him why the SCHOOL DISTRICT would not be offering him employment.

21.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of plaintiff's Second Amended Complaint.

3

22.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of plaintiff's Second Amended Complaint.

23.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of plaintiff's Second Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of plaintiff's Second Amended Complaint, except admit that New Rochelle School District did not contact plaintiff after January of 2007.

25.     Deny the allegations set forth in paragraph "25" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

26.     Deny the allegations set forth in paragraph "26" of plaintiff's Second Amended Complaint, except admit that plaintiff applied for a substitute teacher position with defendant SCHOOL DISTRICT.

27.     Deny the allegations set forth in paragraph "27" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

28.     Deny the allegations set forth in paragraph "28" of plaintiff's Second Amended Complaint and respectfully refer all questions of law to the Court for adjudication.

29.     Deny the allegations set forth in paragraph "29" of plaintiff's Second Amended Complaint.

30.     Deny the allegations set forth in paragraph "30" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

31.     Deny the allegations contained in paragraph "31" of plaintiff's Second Amended Complaint, except admit the New Rochelle School District maintains an open application process for substitute teachers.

4

32.    Deny the allegations set forth in paragraph "32" of plaintiff's Second Amended Complaint as to defendant SCHOOL DISTRICT, MARGARET PECUNIA and DIANNA WESSEL, except admit that plaintiff is an African-American male.

33.    Deny the allegations set forth in paragraph "33" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

34.    Deny the allegations set forth in paragraph "34" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

35.    Deny the allegations set forth in paragraph "35" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

36.    Deny the allegations set forth in paragraph "36" of plaintiff's Second Amended Complaint as to defendants SCHOOL DISTRICT, MARGARET PECUNIA and DIANNA WESSEL. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of plaintiff's Second Amended Complaint as they pertain to defendant GOODTEMPS.

37.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of plaintiff's Second Amended Complaint.

38.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of plaintiff's Second Amended Complaint.

39.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of plaintiff's Second Amended Complaint.

40.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of plaintiff's Second Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of plaintiff's Second Amended Complaint, except admit that plaintiff submitted an employment application to defendant SCHOOL DISTRICT on or about September 13, 2006.

42.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of plaintiff's Second Amended Complaint.

43.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of plaintiff's Second Amended Complaint.

44.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of plaintiff's Second Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of plaintiff's Second Amended Complaint as they pertain to defendant SCHOOL DISTRICT.

46.     Deny the allegations set forth in paragraph "46" of plaintiff's Second Amended Complaint as they may pertain to defendant SCHOOL DISTRICT.

47.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of plaintiff's Second Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of plaintiff's Second Amended Complaint.

49.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of plaintiff's Second Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of plaintiff's Second Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of plaintiff's Second Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of plaintiff's Second Amended Complaint, except admit that the SCHOOL DISTRICT's employment reference form says, "If you know the candidate from business or other professional organizations, please use this space."

53.     Deny the allegations set forth in paragraph "53" of plaintiff's Second Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of plaintiff's Second Amended Complaint, except admit that defendant SCHOOL DISTRICT's letter sent to plaintiff in January 2007 stated that a letter certifying to an attorney's good standing "is not a helpful credential with respect to a candidate's qualifications to be a substitute classroom teacher."

55.     Deny the allegations set forth in paragraph "55" of plaintiff's Second Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of plaintiff's Second Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of plaintiff's Second Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of plaintiff's Second Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of plaintiff's Second Amended Complaint.

## RESPONSE TO FIRST CLAIM FOR RELIEF

60.     As and for a response to paragraph "60" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations contained in paragraphs "1" through "59" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

7

61.   Deny the allegations set forth in paragraph "61" of plaintiff's Second Amended Complaint.

### RESPONSE TO SECOND CLAIM FOR RELIEF

62.   As and for a response to paragraph "62" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations set forth in paragraphs "1" through "61" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

63.   Deny the allegations set forth in paragraph "63" of plaintiff's Second Amended Complaint.

### RESPONSE TO THIRD CLAIM FOR RELIEF

64.   As and for a response to paragraph "64" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations set forth in paragraphs "1" through "63" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

65.   Deny the allegations set forth in paragraph "65" of plaintiff's Second Amended Complaint.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

66.   As and for a response to paragraph "66" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations contained in paragraphs "1" through "65" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

67.   Deny the allegations set forth in paragraph "67" of plaintiff's Second Amended Complaint.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

68.     As and for a response to paragraph "68" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations contained in paragraphs "1" through "67" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

69.     Deny the allegations set forth in paragraph "69" of plaintiff's Second Amended Complaint.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

70.     As and for a response to paragraph "70" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations set forth in paragraphs "1" through "69" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

71.     Deny the allegations set forth in paragraph "71" of plaintiff's Second Amended Complaint.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

72.     As and for a response to paragraph "72" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations contained in paragraphs "1" through "71" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

73.     Deny the allegations set forth in paragraph "73" of plaintiff's Second Amended Complaint.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF

74.     As and for a response to paragraph "74" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the

answers to the allegations set forth in paragraphs "1" through "73" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

75.    Deny the allegations set forth in paragraph "75" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

### RESPONSE TO NINTH CLAIM FOR RELIEF

76.    As and for a response to paragraph "76" of plaintiff's Second Amended Complaint, defendants repeat and reallege the denials and admissions set forth above in the answers to the allegations set forth in paragraphs "1" through "75" of the Second Amended Complaint with the same force and effect as if fully set forth at length herein.

77.    Deny the allegations set forth in paragraph "77" of plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

78.    Plaintiff's Second Amended Complaint fails to state a cause of action as plaintiff was not qualified for the position based on his failure to comply with the application requirements.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANT ALLEGE:

79.    The individual defendants are entitled to qualified immunity from suit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

80.    Any actions taken by these defendants were not related to plaintiff's race.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

81.    The plaintiff's action is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

82.     That the plaintiff has failed to comply with the conditions precedent to suit, as plaintiff filed his original Complaint, Amended Complaint and Second Amended Complaint more than ninety (90) days after receipt of a Right to Sue notice from the Equal Employment Opportunity Commission dated June 26, 2007.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

83.     The plaintiff was not subjected to retaliation.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

84.     The plaintiff has failed to mitigate his damages claimed in this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

85.     Any injury alleged to have been sustained by the plaintiff was the result of plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of these answering defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

86.     Plaintiff did not have a contractual or prospective contractual relationship with defendant SCHOOL DISTRICT and/or any special relationship with the defendant SCHOOL DISTRICT.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

87.     Defendants have acted within their discretion, and in accordance with the defendant District's needs, procedures, and requirements.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:

88.    Defendants have acted, at all times relevant to plaintiff's complaint, in conformity with the federal and state constitutions, and all applicable statutes, laws, rules, and regulations.

**WHEREFORE,** defendants SCHOOL DISTRICT, MARGARET PECUNIA and DIANNA WESSEL request judgment dismissing plaintiff's Second Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
          December 24, 2008

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP
Attorneys for Defendants
CITY SCHOOL DISTRICT OF NEW
ROCHELLE, MARGARET PECUNIA and
DIANNA WESSEL

By: _____
MICHAEL A. MIRANDA (MAM-6413)
MATTHEW J. MEHNERT (MM-6649)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 08-348

TO:    Nathaniel Jones, Esq.
         Plaintiff Pro Se
         51 Webbs Lane, Apt. P-4
         Dover, Delaware 19904

         Lisa E. Dayan, Esq.
         Kauff McClain & McGuire, LLP
         Attorneys for Defendant
         GOODTEMPS aka GOODWILL INDUSTRIES
         OF GREATER NEW YORK
         950 Third Avenue, 14th Floor
         New York, New York 10022
         (212) 644-1010

12